## Koehler v. Woodford et al.

*Capias—Fraud—When warrant will issue—Act of July 12, 1842.*

1. Where a plaintiff has an election between an action *ex contractu* and an action *ex delicto, capias* will not lie.

2. Under the Act of July 12, 1842, par. 3, P. L. 339, a warrant of arrest, where an obligation has been incurred through fraud, can issue only on an order of court after the production of satisfactory evidence in support of the allegations of fraud.

Motion to discharge defendants. C. P. Erie Co., Feb. T., 1922, No. 315.

*Milloy & Gilson,* for plaintiff; *M. L. Davis,* for defendants.

HIRT, J., Jan. 19, 1922.—We are of the opinion that the affidavit to hold to bail, at most, alleges that defendants fraudulently incurred the obligations respecting which suit has been brought. Under the allegations of this affidavit, defendants, in consideration of the payment to them by plaintiff of the sum of $2000, agreed to use the fund in the establishment of a selling station in Erie under the management of plaintiff, and further agreed in writing to repay the loan of $2000. Assuming that the representations regarding the value of the stock of National Tire Seal Company, deposited as collateral for this loan, were fraudulent and that this stock has no value, yet this and other alleged misrepresentations of existing facts resulted in a contract. And under the Act of July 12, 1842, par. 3, P. L. 339, a warrant of arrest, where an obligation has been incurred through fraud, can issue only on an order of court after the production of satisfactory evidence in support of the allegations of fraud. Cases of this nature are excepted from the Act of June 13, 1836, P. L. 572, by the Act of July 12, 1842, P. L. 339; and even though plaintiff elect to bring his action in the form of trespass, *capias* will not lie. It is clearly the law that where a plaintiff has an election between an action *ex contractu* and an action *ex delicto,* the defendant cannot, since the Act of 1842, be arrested on a *capias.* This conclusion is in line with the weight of authorities: Reynolds v. Lewis, 64 Pitts. L. J. 80; Bowen v. Burdick, 3 Clark, 226; Gallagher v. Norcross, 7 Phila. 623; Hammer v. Ladner, 17 Phila. 315; Buch v. Usner, 7 Pa. C. C. Reps. 292; Alexander & Co. v. Goldstein, 13 Pa. Superior Ct. 518.

The rule granted, therefore, Jan. 19, 1922, on motion to discharge defendants is now, to wit, Jan. 21, 1922, made absolute.

From J. M. Force, Erie, Pa.